# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**TANEAH BURNETT,**

        **Plaintiffs,**

v.                                        Case No:  6:20-cv-1679-Orl-RBD-DCI

**INVITATION HOME, DENISSE SANTOS,**
**JOHNATHAN JAMES, and GREG WOODALL,**

        **Defendants.**

---

## REPORT AND RECOMMENDATION

This cause comes before the Court *sua sponte* upon review of Plaintiff's Amended Complaint filed in response to the undersigned's Order to Show Cause.  Doc. 7.  For the reasons stated herein, the undersigned recommends dismissal of this matter.

    **I.**    **Background and Procedural History**

On or about August 27, 2020, Taneah Burnett and Karima Johnson, proceeding *pro se*, filed a Complaint against Invitation Home to require performance of a contract to convey real property. Doc. 1.  Plaintiff Burnett filed a motion for leave to proceed as a pauper but Plaintiff Johnson did not file her own request or submit the filing fee.  *See* Doc. 2.

By Order dated September 18, 2020, the undersigned denied Plaintiff Burnett's motion because there was not enough information to evaluate her income.  Doc. 6 at 3.  Further, the undersigned found that Plaintiff Johnson was required to file her own motion if she seeks to proceed *in forma pauperis*.  *Id*., citing *Buhlman v. Harris*, 2017 U.S. Dist. LEXIS 155290, at *1-

2 (M.D. Fla. Aug. 1, 2017) ("... it is improper for multiple *pro se* non-prisoner plaintiffs to obtain *in forma pauperis* status on behalf of only one plaintiff. . . .").

The undersigned also addressed the fact that subject matter jurisdiction appeared to be lacking. *Id*. at 3. Namely, Plaintiffs only pled that they seek $75,000 which does not satisfy the amount in controversy. *Id*., citing 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. . . ."). Further, the undersigned found that the diversity of the parties' citizenship was problematic. Doc. 6 at 4. Plaintiffs named Invitation Homes as the defendant in the style of the original pleading, but Plaintiffs did not include information regarding Invitation Homes' incorporation. *See* Doc. 1. The absence of information was especially concerning because Plaintiff Burnett alleged that she was a citizen of Florida and several of the attached documents reflected a Florida address for Invitation Homes. Accordingly, the undersigned explained that the state of incorporation as well as the location of the principal place of business must be stated to sufficiently allege citizenship of a corporation. *Id*. at 4-5. Plaintiffs also listed as Defendants Denisse Santos, Johnathan James, and Greg Woodall within the body of the Complaint but did not provide any information regarding their addresses or citizenship. *See* Doc. 1.

Moreover, the undersigned found that Plaintiffs did not meet their burden to establish that diversity exists because Karima Johnson was a named Plaintiff but the Complaint did not include her citizenship or any facts that even specified her involvement in this action. *See* Doc. 1. Plaintiff Johnson was not listed within the body of the Complaint, she did not execute the pleading, she was not listed on the Lease Agreement that is apparently at issue, and the undersigned could not determine from the many pages attached to the Complaint if the diversity requirement of § 1332

was met.  *See* Docs. 1 at 6, 1-1 at 40.  Accordingly, the undersigned found that the Court could not determine if she is diverse from Defendants.

Based on the foregoing, the undersigned denied Plaintiff Burnett's motion for leave to proceed as a pauper and directed Plaintiffs to show cause why this case should not be dismissed for lack of subject matter jurisdiction.  Doc. 6 at 5.  The undersigned also directed each Plaintiff to file their own motion for leave to proceed as a pauper or, alternatively, pay the required filing fee within the allotted time.  *Id*.

In response, Plaintiff Burnett filed an Amended Complaint against Defendants Invitation Homes, Greg Woodall, Denisse Santo, and Jonathan James.  Doc. 7.  Plaintiff Johnson is no longer listed as a Plaintiff and has, therefore, been terminated from the case.  *See id.*  Plaintiff Burnett has not moved to proceed as a pauper or filed the requisite filing fee and the time for doing so has elapsed.

**II.   Analysis**

The undersigned recommends that based on a review of the pleadings the case is due to be dismissed because Plaintiff Burnett has not carried her burden of demonstrating that subject matter jurisdiction exists.  As the undersigned discussed in the September 18, 2020 Order, the Court must dismiss the complaint if it determines it has no subject matter jurisdiction over the claims. Fed. R. Civ. P. 12(h)(3); *see Davis v. Ryan Oaks Apartment*, 357 F. App'x 237, 238-39 (11th Cir. 2009) (per curiam).

A federal court has diversity jurisdiction over civil actions where there is complete diversity of citizenship among the opposing parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a).  There is complete diversity where "no plaintiff is a citizen of the same state as any defendant."  *Travaglio v. Am. Express Co.*,

735 F.3d 1266, 1268 (11th Cir. 2013).  An individual is a citizen of the state in which he is domiciled, which is the state where the individual maintains his "true, fixed, and permanent home[.]" *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002).  A corporation, on the other hand, is a citizen of the state in which it is incorporated and the state in which the corporation's principal place of business is located.  28 U.S.C. § 1332(c)(1).

Here, Plaintiff Burnett has filed an Amended Complaint wherein she lists her address as Winter Park, Florida.  Doc. 7 at 1.  While Plaintiff Burnett leaves blank the section of the pleading form that inquires about the basis of the diversity of citizenship (Doc. 7 at 3), she represents in her original Complaint that she is a citizen of the state of Florida.  Doc. 1 at 3.

With respect to the Defendants, Plaintiff Burnett names Invitation Homes in the style of the case but provides no information regarding incorporation or the principal place of business despite the undersigned's Order to Show Cause.  *See* Doc. 7.  Also, Plaintiff Burnett again names Greg Woodall, Denisse Santos, and Johnathan James as individual defendants within the body of the Complaint but does not provide enough information regarding citizenship.  *See* Doc. 7 at 2.  Plaintiff lists the same Altamonte Springs, Florida address for each of the individual Defendants, an address which appears to be the location of Invitation Homes, but she leaves the section on Defendants' citizenship blank.  *Id*. at 2-4.

The undersigned finds that this information is inadequate to establish jurisdiction.  The undersigned gave Plaintiff Burnett an opportunity to address the diversity of citizenship; but based on the information she has provided in the Amended Complaint it seems that complete diversity is lacking.  Indeed, while not entirely clear, and it is not the role of the Court to guess, it appears that Plaintiff Burnett and the Defendants are *all* possibly citizens of the state of Florida—which would destroy complete diversity.  Plaintiff chose to respond to the Order to Show cause with an

Amended Complaint that does not establish subject matter jurisdiction.  The Court must liberally construe the complaint when conducting the foregoing inquiry, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), but the Court does not have a license to serve as *de facto* counsel for the *pro se* litigant, or "rewrite" the complaint to establish subject matter jurisdiction, avoid frivolousness, or state a claim upon which relief may be granted.

Accordingly, Plaintiff Burnett has not met her burden and the undersigned recommends that the case is due to be dismissed.  *Jones v. Law Firm of Hill & Ponton*, F. Supp. 2d 1349, 1354 (M.D. Fla. 2001) (finding that the party wishing to assert diversity jurisdiction bears the burden of establishing that diversity exists.).

The undersigned also questions whether the amount-in-controversy requirement is met. To satisfy the amount-in-controversy requirement for diversity jurisdiction, a plaintiff must establish that a good faith estimated value of her claim against a defendant exceeds the statutorily required amount.  *See, e.g., Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003).  In general, this point will be met, unless it appears to a "legal certainty" that the claim is really for less than the required amount.  *Id.*  Nevertheless, if jurisdiction is based on a claim for indeterminate damages, the general "legal certainty" test does not control; instead, "the party seeking to invoke federal jurisdiction bears the burden on proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Id.* Any claimed value that cannot be reduced to a monetary standard without unsupported speculation cannot be used to satisfy the jurisdictional minimum. *Id.* at 809; *Ericsson GE Mobile Communications, Inc. v. Motorola Communications. & Elec., Inc.*, 120 F.3d 216, 221-22 (11th Cir. 1997).

In the Amended Complaint, Plaintiff Burnett provides that the amount in controversy is "between $75,000 to $150,000." Doc. 7 at 4. Whether this range of damages is considered a good faith estimated figure or an indeterminate amount of damages, the minimum figure is not in *excess* of $75,000, which is the jurisdictional threshold. There is no other fact stated in the Amended Complaint that sheds light on Plaintiff Burnett's alleged damages or the range except for a reference to $650.00 related to Plaintiff Burnett's electric and $3,000. *See* Doc. 7 at 5. Accordingly, the undersigned recommends that the amount-in-controversy is not satisfied under § 1332 based on the pleadings even though the undersigned gave Plaintiff Burnett the opportunity to address this issue in the Order to Show Cause.

Further, the undersigned recommends that the case is due to be dismissed because Plaintiff Burnett has not filed a motion to proceed as a pauper or the requisite filing fee and the time for doing so has expired. The undersigned warned Plaintiff that the failure to do so could result in the dismissal of this case and she has not complied. Doc. 6 at 5. As such, the undersigned suggests that dismissal is warranted. *See Lowe v. Delta Air Lines, Inc.*, 730 Fed.Appx. 724, 727 (11th Cir. Apr. 4, 2018) (A district court is permitted to *sua sponte* dismiss an action for failure to comply with a court order.).

### III. Conclusion

Based on the foregoing, the undersigned **RECOMMENDS** that the case be dismissed for failure to comply with a Court order and for lack of subject matter jurisdiction. *See Guevara v. Republic of Peru*, 468 F.3d 1289, 1305 (11th Cir. 2006) ("If the court finds that it does not have subject matter jurisdiction, 'the court's sole remaining act is to dismiss the case for lack of jurisdiction.'") (quoting *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000)).

**RECOMMENDED** in Orlando, Florida on October 13, 2020.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Unrepresented Parties